IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) <br> FOR AUTHORIZATION TO INSTALL ) <br> AND USE PEN TRAP DEVICES AND TO ) <br> OBTAIN HISTORICAL AND PROSPECTIVE ) <br> CELL SITE AND E911 DATA ) <br> **FROM TRACFONE WIRELESS INC. / AT&T** ) | Magistrate No. 16-1141 <br> **(UNDER SEAL)** |

## OMNIBUS APPLICATION AND AFFIDAVIT
## FOR PENTRAP DATA, HISTORICAL AND PROSPECTIVE CELL SITE DATA AND E911/GPS PRECISE LOCATION INFORMATION REGARDING CELL PHONES RELEVANT TO INVESTIGATION OF A FUGITIVE

This is a hybrid Application seeking authorization to obtain certain information related to particular cellular telephones. Such information is needed in the continuing investigation of a fugitive from justice being actively sought by the United States Marshals Service. As set forth below, this application seeks various types of information related to said cellular telephones, including pen trap data, historical and prospective cell site data and precise location data.

Since certain providers of electronic communication service can only provide prospective cell tower information in conjunction with the installation of a pen register and/or trap and trace device, and the United States is in need of such information, a certification from an Assistant U.S. Attorney will be simultaneously submitted at the above case number requesting that this court authorize by court order the issuance of pen register and/or trap and trace for **target cell phone numbers (412) 315-9956 and (412) 583-2111.**

I.  **CERTIFICATION FOR PEN REGISTER AND TRAP AND TRACE**

Under 18 U.S.C. § 3122(a)(1), an Assistant U.S. Attorney may apply for an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. §3122(b). The undersigned Assistant United States Attorney is an "attorney for the government"; the law enforcement agency conducting the investigation is the **U.S. Marshals Service,** and the Assistant United States Attorney hereby certifies that the information likely to be obtained by the requested pen-trap device on **target cell phone numbers (412) 315-9956 and (412) 583-2111.** is relevant to an ongoing criminal investigation being conducted by the U.S. Marshals Service in connection with possible violations of federal criminal offenses, including Title 18 United States Code, Section 3583, Supervised Release and that it is believed that JEFFREY CARTER, and others known and unknown, have used and will continue to use the target cell phone numbers in furtherance of the subject offense and to continue to avoid apprehension by law enforcement authorities. The foregoing is based on information provided to me in my official capacity by agents of the U.S. Marshals Service.

Pursuant to 18 U.S.C. Sections 2703 (c)(1)(B) and (d), the government has supplied specific and articulable facts provided in the application and affidavit submitted at this case number to obtain subscriber information for the results of the pentrap devices.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 12th, 2016.

*[signature]*
CONOR LAMB
Assistant United States Attorney
PA ID No. 304874

2

II. **APPLICATION AND AFFIDAVIT FOR A WARRANT**

I, **Sean P. Kiley**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a Deputy U.S. Marshal (DUSM) with the United States Marshals Service (USMS), for the past 14 years. I am currently assigned to the Western Pennsylvania Fugitive Task Force (WPAFTF), Pittsburgh, Pennsylvania. My duties include the investigation and apprehension of federal fugitives, and assisting state and local law enforcement agencies in the apprehension of their fugitives who are wanted for violent offenses. On numerous occasions I have located and arrested fugitives on information received from electronic records through court orders.

2. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18 United States Code, Section 3583, Supervised Release, have been committed by JEFFREY CARTER. There is also probable cause for the issuance of a warrant for evidence of a crime authorizing TRACFONE WIRELESS INC. / AT&T to provide historical call detail information, historical cell tower/cell site information, prospective cell tower information[1] and prospective precise location information (including all

---

[1] Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than E-911 Phase II data (GPS/Latitude-Longitude/Triangulated location from 3 Cell towers).

available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information) pertaining to one of its subscribers or customers both historically and prospectively for the requested periods of time. Since TRACFONE WIRELESS INC. / AT&T may only be able to provide prospective cell tower information in conjunction with the installation of pen register and/or trap and trace devices, and the Affiant is in need of such information, a certification has been provided from Assistant U.S. Attorney Conor Lamb requesting that this court authorize by court order the issuance of pen register and/or trap and trace devices for target cell phone numbers **(412) 315-9956 and (412) 583-2111**.

  4. I make this affidavit in support of an application under 18 U.S.C. § 2703 (c)(1)(A) using procedures specified in Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing TRACFONE WIRELESS INC. / AT&T to provide historical call detail information and historical cell tower/cell site information pertaining to its subscribers or customers from **October 27, 2016 (the previous forty-five days)** to the date of this warrant order. Based upon my training and experience, I believe that data from the previous forty-five days is necessary in order to attempt to discern a pattern of movement by the target of the investigation and identify his usual locations. This will facilitate planning and surveillance in those areas.

  5. Since 47 U.S.C. §1002(a)(2) prohibits the acquisition of any information that may disclose the physical location of the subscriber solely pursuant to the authority for pen registers, I make this affidavit in support of an application under 18 U.S.C. § 2703 (c)(1)(A) using procedures specified in Rule 41 of the Federal Rules of Criminal Procedure for a probable cause warrant authorizing **TRACFONE WIRELESS INC. / AT&T** to provide prospective cell tower/cell site information and precise location information (including all available E-911 Phase II data, GPS data, latitude-longitude data, and other Precise Location Information) pertaining to its subscribers

4

or customers prospectively for **target cell phone numbers (412) 315-9956 and (412) 583-2111** for a period of **45 days**.

## PROBABLE CAUSE

6. The following establishes probable cause to believe that cellular telephone **(412) 583-2111** is being used by JEFFREY CARTER and cellular telephone **(412) 315-9956** is being used by Jasmine MCLEAN, and that the requested information for the target telephones will provide evidence in an ongoing criminal investigation being conducted by the United States Marshals Service. In particular, the United States Marshals Service is actively attempting to apprehend CARTER in support of an investigation and prosecution of federal criminal offenses including Title 18 United States Code, Section 3583, Supervised Release.

7. On November 29, 2016, U.S. District Judge (USDJ) Nora Barry Fischer issued a federal arrest warrant for JEFFREY CARTER for violations of Title 18 United States Code, Section 3583, Supervised Release in the Western District of Pennsylvania in case # 2:08-CR-357 on a Possession With Intent To Distribute Cocaine Base conviction. CARTER violated his supervised release on November 26, 2016, with new charges from Monongahela City Police (MCPD) for Possession of a Firearm Prohibited, Firearms Not to be Carried w/o a License and Driving Under the Influence (DUI). CARTER was arrested and held on a $30,000 bond which he posted on November 26, 2016. This offense occurred in the Western District of Pennsylvania.

8. Since November 29, 2016, surveillance and arrest attempts for CARTER were made by USMS in New Eagle, Charleroi and McKeesport to no avail and CARTER's current whereabouts are unknown. At his last known address at 169 Main St, New Eagle, PA 15067, which I also believe to be the residence of his child's mother, Jasmine MCLEAN, CARTER was not seen during surveillance of the residence and movers from T & T Furniture Transport were

viewed moving furniture from the target residence into their box van. On December 02, 2016, your affiant contacted T & T Furniture Transport and learned that T & T Furniture Transport moved CARTER and MCLEAN's household goods to Extra Space Storage at 2016 Lebanon Rd, West Mifflin, PA 15122.

9. Your affiant is also aware that, since November 27, 2016 CARTER has been calling Lenzi's Service Station daily in an attempt to get his truck back, which was towed to Lenzi's after CARTER's arrest. Based on these calls, your affiant obtained authority to install a tracking device on the truck, at Magistrate No. 16-1125. However, I believe that CARTER has not picked up the truck, and the requested data would help law enforcement determine CARTER's location if he makes additional calls to Lenzi's.

10. There is probable cause to believe that CARTER is aware that he is wanted and is actively attempting to flee and avoid apprehension, based upon U.S. Marshals Service (USMS) arrest endeavors. There is also probable cause to believe that the target telephones' location will assist law enforcement in arresting CARTER who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

11. On November 29, 2016, apprehension responsibility was given to the United States Marshals Service (USMS) and the Western Pennsylvania Fugitive Task Force (WPAFTF) for JEFFREY CARTER and DUSM Kiley was assigned the fugitive investigation.

12. On December 07, 2016, DUSM Kiley spoke with Jayme SCRIP of Mitch's Bail Bonds. Mitch's Bail Bonds bonded CARTER out on his new state weapon and DUI charges from Monongahela PD and SCRIP provided DUSM Kiley with CARTER's bond application from November 26, 2016. On the application, CARTER provided **(412) 583-2111** as his cell phone number.

13. On December 07, 2016, DUSM Kiley spoke with Cheryl LLGENFRITZ, Store Manager at Extra Space Storage on 2016 Lebanon Rd, West Mifflin, PA 15122. LLGENFRITZ stated that Jasmine MCLEAN rented storage unit #618 and paid full price in cash of $100. LLGENFRITZ added that it was still empty and LLGENFRITZ showed DUSM Kiley the vacant unit as well. MCLEAN provided **(412) 315-9956** number as her cell phone number on the rental contract. This number was also on Mitch's Bail Bonds application which had MCLEAN listed as an indemnitor, which leads your affiant to believe that MCLEAN is working with CARTER. On December 01, 2016, your affiant contacted Susan MALENCIA, landlord of 169 Main St, New Eagle, PA 15067. MALENCIA stated that MCLEAN was the current tenant of that address and that CARTER was her boyfriend. MALENCIA was shocked to learn that MCLEAN was moving or breaking her lease. MALENCIA also provided the **(412) 315-9956** as a current number for MCLEAN and that she had spoken with her as recently as November 26, 2016.

14. DUSM Kiley believes from the fugitive investigation so far, that CARTER and MCLEAN are probably together and taking steps to conceal their current whereabouts. Therefore DUSM Kiley believes that locating MCLEAN will also help locate CARTER.

15. On December 09, 2016, DUSM Kiley contacted TRACFONE WIRELESS INC. / AT&T Law Enforcement Compliance and verified that the **(412) 315-9956** was a TRACFONE WIRELESS INC. / AT&T number. On the same day, DUSM Kiley contacted AT&T Law Enforcement Compliance and verified that the **(412) 583-2111** number is an AT&T number.

16. Analysis of the requested toll record information, subscriber information for telephone numbers gathered by the pen/trap device, historical and prospective cell tower information and e-911 information is likely to assist the United States Marshals Service with locating JEFFREY CARTER and Jasmine MCLEAN and their phones.

17.     Because TRACFONE WIRELESS INC. / AT&T is a provider of electronic communications service -- that is, it provides its subscribers the ability to send and receive wire or electronic communications -- 18 U.S.C. § 2703 governs how the government must obtain access to the records and other information it is seeking.

18.     Since the government seeks to obtain records and other information pertaining to subscribers or customers of such service from a provider of electronic communications service, the government may comply with section 2703(c)(1)(A) or (B), which provides, in pertinent part:

> A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity --
>
> (A)     obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure . . . by a court of competent jurisdiction ...;
>
> (B)     obtains a court order for such disclosure under subsection (d) of this section;[2]
>         . . . .

19.     Pursuant 18 U.S.C. § 2703(c)(3), a governmental entity receiving records or other information under this subsection is not required to provide notice to the subscriber or customer.

20.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court is "a district court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

21.     I also request all data about the cell towers (i.e., antenna towers covering specific geographic areas) and sectors (i.e., faces of the towers) to which **target cell phone numbers (412)**

---

[2] By filing this application, affidavit, and asserting that the information establishes probable cause, the government does not concede that the legal standard of probable cause is required to obtain prospective cell site information. Rather, the government believes that 18 U.S.C. § 2703 (d) provides the appropriate standard.

**315-9956 and (412) 583-2111** will connect at the beginning and end of each communication for the period of **forty–five days** from the date of this warrant be disclosed to the **U.S. Marshals Service** at such times and intervals as specified by the **U.S. Marshals Service**.

22.     I also request permission to redact the name of the targets from the copy of the pentrap order that will be conveyed to **TRACFONE WIRELESS INC. / AT&T**.

23.     Upon receipt of the physical location data from the provider, it may be necessary for agents to use equipment at street level to hone in on the exact location of the **target cellular phones assigned target phone numbers (412) 315-9956 and (412) 583-2111**. This equipment is known as a cell site monitor, which can be either mounted in a vehicle or a hand-held unit (or both), and which, when combined with specific identification information for the **target cellular phones assigned target phone numbers (412) 315-9956 and (412) 583-2111** from the provider (such as the device's ESN/IMSI/IMEI[3]), will capture and monitor the signal being transmitted between the **target cellular phones assigned target phone numbers (412) 315-9956 and (412) 583-2111** and the provider's network.  Agents plan to send signals to the target cellular phone in the area that will cause it, and non-target phones on the same provider network in close physical proximity, to emit unique identifiers, which will be obtained by the technology. Agents will use the information collected to determine information pertaining to the physical location of the target cellular device by observing the signal strength of this connection to determine when they are getting closer to the **target cellular phones assigned target phone numbers (412) 315-9956 and (412) 583-2111**.  At no point does the cell site monitor intercept any content of communications.

---

[3]"ESN" refers to Electronic Serial Number; "IMSI" refers to International Mobile Subscriber Identity; and "IMEI" refers to International Mobile Equipment Identifier. Each describes a unique identification number or code associated with a particular wireless device. Which type of number or code is applicable depends on the type of device in question.

This application seeks authorization to use the cell site monitor when its use is necessary or more expedient to obtain the precise location of the **target cellular phones assigned target phone numbers (412) 315-9956 and (412) 583-2111**.

24. The target cellular phones and other cellular devices in the area might experience a temporary disruption of service from the service provider. Any potential service disruption to non-target devices would be temporary and all operations will be conducted to ensure the minimal amount of interference to non-target devices. Agents will make no affirmative investigative use of any non-target data absent further order of the court, except to identify and distinguish the target cellular phones from other devices. Once agents distinguish the information for the target cellular phones, they will no longer review the information for the other cell phones in any manner and will promptly delete it thereafter.

25. I also request that **TRACFONE WIRELESS INC. / AT&T** provide all historical call detail records including the "cell towers" (i.e., antenna towers covering specific geographic areas, control channels, and physical addresses) and "sectors" (i.e., faces of the towers) which received a radio signal from the **target phone numbers** for the period beginning **the previous 45 days** until present.

26. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. § 2703(c)(1)(A) and (g), by using the warrant to require **TRACFONE WIRELESS INC. / AT&T** to disclose to the government cell tower/cell site information prospectively (not including the content of communications) for a period of **forty-five days after the date of this order.**

27. I have been advised that **TRACFONE WIRELESS INC. / AT&T** which services the **target phone numbes (412) 315-9956 and (412) 583-2111**, has the technical means promptly

to generate and record precise physical location data with respect to a specified wireless telephone by measuring its position relative to other known reference points. This data is the product of techniques that this service provider developed to comply with a federal mandate to supply emergency responders with enhanced 911 ("E-911") service. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers, **whether termed range-to-tower data (Verizon) or per call measurement data (TRACFONE WIRELESS INC. / AT&T)**. The wireless industry has adopted standards for the precision with which such techniques are expected to locate a wireless telephone.

28. I further request that the Court authorize execution of the warrant for prospective cell site and other precise location information at any time of day or night, owing to the potential need to identify the location of cell towers and the cell phone being used by the **target phone numbers (412) 315-9956 and (412) 583-2111** outside of daytime hours for a period of **forty–five days after the date of the order**.

29. When directed pursuant to warrant, **TRACFONE WIRELESS INC. / AT&T** will provide a designated law enforcement agency with periodically-updated physical location data with respect to the **target phone numbers (412) 315-9956 and (412) 583-2111**. In order to acquire each update, the **target phone numbers (412) 315-9956 and (412) 583-2111** must be powered on and the service provider may send a signal to the **target phone numbers (412) 315-9956 and (412) 583-2111** that results in it transmitting a response to the provider's network. Where, as here, physical location data is to be generated at the request of law enforcement request,

the carrier must send its triggering signal to the **target phone numbers (412) 315-9956 and (412) 583-2111** unobtrusively, without alerting the user of that device.

30.     It is further requested that this order authorize a federal law enforcement officer to utilize a cell site monitor to capture transmissions from the **target cell phone numbers (412) 315-9956 and (412) 583-2111** as it automatically communicates with cellular communication towers.

31.     Pursuant to 18 U.S.C. §2705 (b), to the extent applicable, the government seeks a directive to **TRACFONE WIRELESS INC. / AT&T** not to disclose the government's acquisition of physical location data until further notice. Pursuant to 18 U.S.C. § 3103a, the government seeks authorization to delay our notification to **subscribers, customers or user of the phones** until 30 days after acquisition of the last disclosures authorized by the Court's order (unless extended for good cause shown by an updated showing of the need for further delay). The grounds for this request are as follows: Notification to the subscriber and/or customer would jeopardize the fugitive and criminal investigations and cause the user to discard these devices further delaying the apprehension of JEFFREY CARTER. The above information is true and correct to the best of my knowledge, information, and belief.

_____
DUSM Sean P. Kiley

Subscribed to and sworn before me
this 12th day of December, 2016.

_____
United States Magistrate Judge